UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOUGLAS GEORGE MARTIN,<br>*Plaintiff*, | :<br>:<br>: |
| v. | :    No. 3:19-cv-98 (KAD) |
| CORRECTION OFFICER A., et al.<br>*Defendants*. | :<br>:<br>:    January 29, 2019 |

## INITIAL REVIEW ORDER

On January 18, 2019, the Plaintiff, Douglas George Martin, an inmate currently confined at Osborn Correctional Institution[1] in Somers, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against two unidentified Connecticut Department of Correction ("DOC") officials for damages: Correction Officer A. and Lieutenant/Captain John Doe. Compl. (DE#1). It appears from his factual allegations that the Plaintiff is suing the Defendants for subjecting him to inhumane conditions of confinement, in violation his Eighth Amendment protection against cruel and unusual punishment, and for violating his Fourteenth Amendment right to due process. The Plaintiff has also filed a motion for appointment of counsel (DE#2). On January 28, 2019, Magistrate Judge William I. Garfinkel granted the Plaintiff's motion to proceed *in forma pauperis*. *See* Order No. 7. For the following reasons, the motion for appointment of counsel is DENIED. The complaint is dismissed without prejudice in order to permit the Plaintiff to properly identify the named defendants.

---

[1] The docket report for this case reflects that the Plaintiff is confined at Cheshire Correctional Institution. However, the state Department of Correction website shows Osborn Correctional Institution as the Plaintiffs current place of confinement. Thus, the Court will direct the Clerk to verify the Plaintiff's current facility of confinement.

**Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a Defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the Defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**Allegations**

On November 6, 2018, at approximately 5:00 a.m., Officer A. shined his flashlight into the Plaintiff's cell and placed it on a roll of paper towels. Compl. at 5. When the Plaintiff exited his cell for breakfast hours later, Officer A. said, "I hope the light didn't bother you." *Id.* at 8.

The next day, at 1:00 a.m., Officer A. again left his flashlight on a roll of paper towels shining into the Plaintiff's cell. Compl. at 5, 8. At around 4:30 a.m.,

Lieutenant/Captain John Doe noticed the flashlight shining into the Plaintiff's cell and spoke with Officer A. *Id.* at 8. Doe laughed at what he had seen and permitted A. to leave the light shining into the cell. *Id.* at 6, 8.

When the Plaintiff exited his cell for breakfast that morning, Officer A. told other inmates in the area that the Plaintiff was in prison for sodomizing children, which was false. Compl. at 5, 8. The Plaintiff is in prison for violating his probation and believes that A.'s statement placed him in physical danger. *Id.* at 5. He wrote complaints to the warden and other high-ranking officials, but no remedial action was taken. *Id.* at 8; Administrative Remedy (DE#1 at 10).

The incidents with Officer A. have caused the Plaintiff emotional and physical distress. Compl. at 8. The Plaintiff has been evaluated by a psychiatrist for PTSD, depression, anxiety, and bipolar disorder. *Id.* at 8-9.

**Discussion**

Based on the facts alleged, it appears that the Plaintiff is suing the Defendants for subjecting him to inhumane conditions of confinement, in violation of the Eighth Amendment, by shining a flashlight into his cell on two occasions for several hours at a time. He also alleges that Officer A. violated his constitutional rights by falsely accusing him of sexually assaulting children in front of other inmates. The Plaintiff cannot recover damages from the Defendants in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Thus, the Court will determine whether the Plaintiff has stated a plausible Eighth Amendment and/or Fourteenth Amendment claim against the Defendants in their individual capacities.

The Eighth Amendment's prohibition on cruel and unusual punishment includes a prohibition on inhumane conditions of confinement. *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To establish an Eighth Amendment violation based upon inhumane conditions, the Plaintiff must demonstrate, that "the prison officials' transgression" was "'sufficiently serious.'" *Id.* This is an objective inquiry. *Id.* Subjectively, the Plaintiff must also demonstrate that "the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' *i.e.* with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). "Under the objective element, while the Constitution 'does not mandate comfortable prisons,' inmates may not be denied 'the minimal civilized measure of life's necessities.'" *Alster v. Goord*, 745 F. Supp. 2d 317, 335 (S.D.N.Y. 2010) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Thus, prison officials cannot "deprive inmates of their 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.'" *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). Prison officials cannot expose prisoners to conditions that may pose an unreasonable risk of serious damage to the prisoners' future health. *Id.* (citing *Phelps*, 308 F.3d at 185).

Construed liberally, the Plaintiff has stated a plausible Eighth Amendment claim against the Defendants. He alleges that Officer A., on two occasions, shined his flashlight into his cell for several hours during the early morning and that Lieutenant/Captain Doe permitted A. to engage in such behavior. Courts in this Circuit have reached different conclusions on whether this type of action could amount to an Eighth Amendment deprivation. *See Cano v. City of New York*, 44 F. Supp. 3d 324, 333 (E.D.N.Y. 2014) (deprivation of sleep one example of sufficiently serious deprivation

under Eighth Amendment); *Quick v. Graham*, No. 9:12-CV-1717 (DNH/ATB), 2014 WL 4627108, at *8 (N.D.N.Y. Sept. 11, 2014) (issue of material fact remained whether continuous bright lights in confinement unit deprived prisoner of sleep and violated Eighth Amendment); *but see Hernandez v. Sposato*, No. 12-CV-2530 (SJF) (WDW), 2014 WL 3489818, at *3 (E.D.N.Y. July 9, 2014) (prisoner's complaint of excessive lighting in facility from 6:00 a.m. to 1:00 a.m. caused him injuries to his eyes does not constitute sufficiently serious deprivation under Eighth Amendment). In this case, the allegations include that the Defendants' actions were vindictive, and thus, the Court will allow the Eighth Amendment claim to proceed at this time.

The Plaintiff has also stated a plausible Fourteenth Amendment due process claim based on Officer A.'s false verbal accusation, made in the presence of other inmates, that the Plaintiff had sodomized children. The Plaintiff asserts that A.'s accusation has placed him in physical danger.

"The Supreme Court and the Second Circuit alike have recognized that the Due Process Clause protects against the Government's use of a false stigma that alters a person's legal status or rights in a tangible manner." *Pettipas v. Martin*, No. 3:17-CV-1912 (JAM), 2018 WL 5016997, at *3 (D. Conn. Oct. 15, 2018). To prevail on a "stigma-plus" due process claim, the Plaintiff must allege: "(1) the utterance of a statement sufficiently derogatory to injure his . . . reputation, that is capable of being proved false, and that he . . . claims is false [the stigma], and (2) a material state-imposed burden or state-imposed alteration of the [P]laintiff's rights or status [the plus]." *Id.* (quoting *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010)).

Here, the Plaintiff alleges that Officer A. told other inmates in the facility that he had sexually assaulted children when the Plaintiff's confinement in prison is actually for violating his probation. He also alleged that this false accusation has placed him in physical danger because other inmates heard Officer A.'s statement. Construed liberally, these allegations are sufficient to state a "stigma-plus" due process claim against Officer A. *See Vega*, 596 F.3d at 80 (misclassification of prisoner as sexual offender deprived him of federal constitutional liberty interest in not being falsely stigmatized). Therefore, the Court will permit the Fourteenth Amendment claim to proceed against Officer A. The Plaintiff has not, however, alleged any facts showing Lieutenant/Captain Doe's personal involvement in the false stigmatization. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (personal involvement in alleged constitutional deprivation is prerequisite for award of damages under § 1983). Thus, the Fourteenth Amendment claim is limited to Officer A.

**Motion for Appointment of Counsel**

The plaintiff requests that the Court appoint *pro bono* counsel to represent him in this case because he is indigent and suffers from mental health problems. Mot. for Appointment of Counsel (DE#2) at 3-5. He states that he has contacted one attorney who "does not know if she [can] take the case." *Id.* at 4. Before appointment of counsel is even considered, the Plaintiff must establish that he is unable to obtain counsel. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the Plaintiff satisfies that threshold requirement, the Court must then consider the merits of his claim(s) and determine whether his position "seems likely to be of substance." *Hodge*, 802 F.2d at 61. Here, the Plaintiff has not shown that he has

made a substantial effort to obtain counsel on his own. Even if he had, the record consists solely of a complaint and is insufficient for this Court to determine whether his constitutional claims are meritorious. Therefore, the appointment of *pro bono* counsel is not warranted at this time.

**Orders**

(1) The Eighth Amendment claim may proceed against both Defendants in their individual capacities for damages. The Fourteenth Amendment claim may proceed against Officer A. in his individual capacity for damages. However, the Court cannot effectuate service on either Defendant because the Plaintiff has not identified them by name or sufficiently descriptive information which would permit the DOC to identify them by name. Thus, the Court will dismiss the case without prejudice. Within thirty (30) days from the date this Order, the Plaintiff must file a notice with the Court indicating the first and last name of both Defendants or, in the alternative, sufficiently descriptive identifying information that would permit the DOC to identify the defendants by name. Failure to file the required notice may result in the dismissal of this action with prejudice.

(2) Because it is unclear where the Plaintiff is currently confined, the Clerk is directed to verify the Plaintiff's current place of confinement with the DOC Office of Legal Affairs and mail one copy of this Order to the Plaintiff at that facility.

(3) The Plaintiff is hereby advised that, if he changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. The Plaintiff must give notice of a new address even if he is incarcerated. The Plaintiff should write

"PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address.

(4) The motion for appointment of counsel (DE#2) is denied without prejudice subject to refiling at a later stage of litigation.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 29th day of January 2019.

_____/s/_____
Kari A. Dooley
United States District Judge