UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOUGLAS GEORGE MARTIN,<br>*Plaintiff*,<br><br>v.<br><br>DAVID SANTOPIETRO, AGRAMONTE,<br>*Defendants.* | No. 3:19-cv-00098 (KAD)<br><br><br><br><br><br><br>July 8, 2020 |

**ORDER DISMISSING CASE**

Kari A. Dooley, United States District Judge:

On June 12, 2020, this Court ordered *pro se* Plaintiff Douglas George Martin to show cause why this matter should not be dismissed for failure to prosecute diligently and/or failure to comply with this Court's orders. (ECF No. 34.) The order to show cause was issued following the Plaintiff's failure to attend a telephonic status conference and to file a joint status report as ordered by the Court. Despite the passage of the July 7, 2020 deadline for the Plaintiff to respond to the order to show cause, no response has been filed. Nor has the Plaintiff sought an extension of the Court's deadline. Accordingly, and for the reasons set forth below, the Court concludes that this action must be dismissed.

**Legal Standard**

"All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (*per curiam*) (quotation marks, alterations, and citation omitted). "While a court is ordinarily obligated to afford a special solicitude to *pro se*

litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (*per curiam*) (quotation marks and citations omitted).

As relevant here, Fed. R. Civ. P. 41(b) provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). The Second Circuit has identified five factors to guide the Court's exercise of discretion under Rule 41(b), which ask whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citation omitted). A "dismissal pursuant to Rule 41(b) operates as adjudication on the merits unless otherwise specified by the Court." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 89 (D. Conn. 2007).[1]

**Procedural History**

Plaintiff brought this action on January 18, 2019 against Correction Officer "A" and Lieutenant or Captain John Doe pursuant to 42 U.S.C. § 1983. The Plaintiff, who was incarcerated at the time the action was filed, asserted claims arising from two incidents in which Correction

---

[1] In addition, Federal Rule of Civil Procedure 16(f) authorizes a district court to impose sanctions on a party who: "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1). Such sanctions may include dismissal of the underlying action. *See Carter v. Jablonsky*, 121 Fed. Appx. 888, 889 (2d Cir. 2005) (summary order). Because the Court concludes that dismissal is warranted pursuant to Rule 41(b), the Court does not separately address Rule 16(f) as a basis for dismissal.

2

Officer A allegedly shined a flashlight into the Plaintiff's cell in the early morning hours with Lieutenant or Captain John Doe's involvement, and a third incident in which the Corrections Officer allegedly falsely accused the Plaintiff of sexually assaulting children in front of other inmates.  (ECF No. 1.)  In its initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court construed the Plaintiff's allegations as asserting an Eighth Amendment claim based upon inhumane conditions of confinement and a Fourteenth Amendment claim based upon a violation of due process.  (ECF No. 8 at 1.)  The Court found that Plaintiff had stated a cognizable Eighth Amendment claim against the Defendants in connection with the alleged flashlight incidents, and that Plaintiff had stated a cognizable Fourteenth Amendment due process claim against Correction Officer A based on his allegedly false accusation regarding sexual abuse.  (*Id*. at 4–7.)  However because Plaintiff had not identified the Defendants by name so as to enable service of process, the Court dismissed the complaint without prejudice and ordered the Plaintiff to file a notice with the Court within 30 days to enable the Department of Corrections to ascertain the Defendants' identities.  (*Id.* at 7.)  If the Plaintiff were to change his address at any time during the course of the litigation, the Court warned him that he must notify the Court pursuant to Local Rule 83.1(c)(2) and that failure to do so could result in dismissal of the case.  (*Id*. at 7–8.)

After the Plaintiff failed to identify the Defendants despite the Court extending the timeframe within which to do so on three separate occasions (*see* ECF Nos. 11, 16, 18) the Court dismissed the case without prejudice on June 17, 2019.  (ECF No. 20.)  On July 17, 2019, the Plaintiff filed a motion to change the Defendant's names, which the Court construed as a motion to reopen.  (ECF No. 21.)  The Court granted the motion to reopen and ordered that Correction Officer A's and Lieutenant or Captain John Doe's names be changed to Lieutenant David Santopietro and Officer Agramonte, respectively.  (ECF No. 22 at 1.)  The Court further ordered,

*inter alia*, that discovery in this matter be completed by February 12, 2020, and that dispositive motions be filed on or before March 12, 2020. (*Id.* at 2–3.) The Court also reiterated the Plaintiff's obligation to notify the Court of any change in his address. (*Id.* at 3.)

After the Defendants filed their answer to the Complaint, the Plaintiff filed his most recent notice of change of address on January 24, 2020.[2] (ECF No. 28.) In the three months that followed, the docket remained inactive. Following passage of the deadline for discovery and dispositive motions, the Court issued an order on May 5, 2020 directing the parties "to file a Joint Status Report, on or before May 26, 2020 indicating: 1) whether the matter is trial ready; 2) whether the parties request a referral to a Magistrate Judge for a settlement conference: and 3) a suggested schedule for filing of the Joint Trial Memorandum." (ECF No. 29.) A copy of the Court's order was mailed to the Plaintiff at the address provided in his January 2020 notice of change of address. On May 26, 2020, the Defendants filed a unilateral status report in which they indicated that counsel mailed a proposed status report to Plaintiff to seek his position and input but that Plaintiff did not respond. (ECF No. 30.) Counsel included copies of the correspondence mailed to the Plaintiff on May 8, 2020 and further represented that these documents were not returned by the United States Postal Service.

Upon receipt of the status report, on June 4, 2020, the Court ordered the parties to appear for a telephonic scheduling conference on June 12, 2020. (ECF No. 31.) A copy of the Court's order was again mailed to the Plaintiff at the address he provided in January. The Plaintiff did not appear at the June 12, 2020 telephonic scheduling conference. Counsel for the Defendants indicated at the scheduling conference that the Plaintiff never served discovery; nor did counsel recall ever hearing from the Plaintiff in connection with this matter. Due to the Plaintiff's failure

---

[2] The Plaintiff previously filed four notices of change of address throughout the pendency of the litigation. (ECF Nos. 9, 14, 19, 25.)

4

to confer with the Defendants to file a joint status report and his failure to appear at the scheduling conference, the Court ordered the Plaintiff to show cause why this case should not be dismissed with prejudice for failure to prosecute and/or to comply with this Court's orders. (ECF No. 34.) A copy of the Court's order was mailed to the Plaintiff and as noted previously, the Plaintiff did not respond on or before July 7, 2020, as directed by the Court.

**Discussion**

With the Plaintiff having failed to comply with three recent Court orders and otherwise neglecting to prosecute his case, the Court considers dismissal pursuant to Fed. R. Civ. P. 41(b) and concludes that a review of the relevant factors warrants dismissal.

First, the Plaintiff's failure to prosecute has caused significant delay, as the Court has been unable to issue a scheduling order to set pretrial dates following the passage of the deadlines for discovery and summary judgment motions. And despite the pendency of this case for nearly a year and a half, it does not appear that the parties have undertaken any discovery; nor has any other meaningful activity taken place in recent months to move the case forward. *See Suleski v. USI Consulting Grp., Inc.*, No. 3:17-cv-1503 (JBA), 2019 WL 1173016, at *2 (D. Conn. Mar. 13, 2019) ("an action lying dormant with no significant activity . . . may warrant dismissal after merely a matter of months") (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)). Second, Plaintiff was given notice by the Court's June 12, 2020 order that failure to respond on or before July 7, 2020 would result in dismissal of the case. And as the Court noted in that order, copies of the Court's orders have been mailed to the Plaintiff and "the Court has received no indication that this mail was not delivered." (ECF No. 34.) Third, the Defendants have faced prejudice by incurring attorney time to defend a case that the Plaintiff is not prosecuting. "Furthermore, because plaintiff has a duty of due diligence to move [his] case

forward, and has failed to do so, prejudice to the defendants may be presumed." *Kenny v. Potter*, No. 05-CV-1415 (KAM) (JMA), 2011 WL 613346, at *3 (E.D.N.Y. Jan. 24, 2011), *report and recommendation adopted*, 2011 WL 646919 (E.D.N.Y. Feb. 11, 2011).  Fourth, the Plaintiff has failed to respond to the Court's three orders of May 5, 2020, June 4, 2020, and June 12, 2020 or to take any effort signaling an intent to pursue his claims.  Indeed, he has not filed anything on the docket since his January 2020 notice of change of address.  He has thereby "seemingly elected not to make use of [his] opportunity to be heard," a factor which weighs in favor of dismissal. *Suleski*, 2019 WL 1173016, at *3.

Finally, for the reasons noted above, the Court concludes that no lesser sanction will suffice given the Plaintiff's apparent abandonment of any effort to prosecute his claims and failure to communicate to the Court a contrary intention.

**Conclusion**

For the foregoing reasons this case is dismissed pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of July 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY